T.C. Summary Opinion 2003-86

UNITED STATES TAX COURT

RICHARD R. IZAC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8634-01S.            Filed June 30, 2003.

Richard R. Izac, pro se.

Dustin M. Starbuck, for respondent.

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for 1998.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,356 in petitioner's 1998 Federal income tax. The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction for one of his children, and (2) whether petitioner is entitled to a child tax credit.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Chesterfield, Virginia.

Petitioner married Donna Bonner on March 12, 1983. They have two children, Patrick Ross Izac, born August 8, 1986, and Jerilyn Renee Izac, born May 27, 1992. Petitioner and Ms. Bonner separated in 1995 and were divorced on February 3, 1997.

On November 12, 1996, a Virginia court with jurisdiction over such matters issued an order that provides, in relevant part:

> it is hereby ORDERED that * * * [petitioner and Ms. Bonner] are granted joint shared custody of their infant children. * * * [Ms. Bonner] shall have physical custody of the children until such time as school begins. Thereafter, * * * [petitioner and Ms. Bonner] shall alternate having physical custody of the children on an every other school grading period basis, with * * * [petitioner] having physical custody of the children during the first school grading period, * * * [Ms. Bonner] having physical custody during the second school grading period, and so forth, until the end of school. During the summer vacation, * * * [petitioner and Ms. Bonner] shall equally divide their time with the children.

The order also established specific visitation rights for holidays and for each parent during those periods when the other parent had physical custody.

On April 6, 1998, a Virginia court with jurisdiction over such matters issued an order that provides, in relevant part:

> Physical custody of the children will be with * * * [petitioner] during the first one-half of the summer and with * * * [Ms. Bonner] during the second one-half of the summer.

We interpret the reference to "summer" to relate to the summer recess from the school (or schools) attended by petitioner's children.

During 1998, petitioner's son attended school in the Chesterfield County Public School System. For calendar year 1998, and within the meaning of the above-referenced November 12, 1996, order, the second grading period for that school system for academic year 1997-1998 started November 4, 1997, and ended January 30, 1998 (30 calendar days in 1998). The third grading period for the school for academic year 1997-1998 started January 31, 1998, and ended April 3, 1998 (63 calendar days). The fourth grading period started April 4, 1998, and the last day of class for students was June 16, 1998 (74 calendar days). The summer recess for students extended from June 17, 1998, until September 7, 1998 (83 calendar days). The first grading period for academic year 1998-1999 started September 8, 1998, and ended November 11, 1998 (65 calendar days). The second grading period

for academic year 1998-1999 started on November 12, 1998, and continued into 1999 (50 calendar days in 1998).

On his timely filed 1998 Federal income tax return, petitioner identified both of his children in the area of the return where dependents are listed, but only claimed a dependency exemption deduction for his son. He also claimed a $200 child tax credit.

In the notice of deficiency respondent disallowed the dependency exemption deduction because, according to respondent, petitioner "did not provide more than 50 percent" of his son's "total support". Respondent also disallowed the child tax credit because "one or more qualifying children claimed on * * * [petitioner's] return has been disallowed".

Discussion

In general, a taxpayer is entitled to a dependency exemption deduction for each of the taxpayer's dependents. Sec. 151(c). The term "dependent" includes the taxpayer's child, over half of whose support for the year is received, or treated as received, from the taxpayer. Sec. 152(a). Because petitioner's son is the child of divorced parents, his support is determined pursuant to section 152(e). That section provides, subject to certain conditions not in dispute and exceptions not applicable here, that the child is treated as having received over half of his or her support from the parent who has custody over the child for a

greater portion of the year. That parent is referred to as the "custodial parent". Because the child is treated as having received over half of his or her support from the custodial parent, the custodial parent is generally entitled to a dependency exemption deduction for the child regardless of the amount of support the child actually received from that parent.

Petitioner claims that he, rather than Ms. Bonner, was his son's custodial parent for a greater portion of 1998 and is therefore entitled to the dependency exemption deduction here in dispute. In this regard, petitioner submitted a 1998 calendar marked with an "F" on those days of the year when his son lived with him, and an "M" on those days of the year when his son lived with Ms. Bonner. Because petitioner's calendar supports his claim that his son lived with him for a greater portion of 1998, petitioner maintains that he is entitled to the dependency exemption deduction here in dispute. Although the calendar demonstrates that petitioner's son lived with petitioner for a greater portion of 1998, we do not agree that petitioner should be treated, for purposes of section 152(e), as his son's custodial parent for that year.

The word "custody" as used in section 152(e) is defined in section 1.152-4(b), Income Tax Regs., which states:

> (b) Custody. "Custody", for purposes of this section, will be determined by the terms of the most recent decree of divorce or separate maintenance, or subsequent custody decree, or, if none, a written

separation agreement.  In the event of so-called "split" custody, or if neither a decree or agreement establishes who has custody, or if the validity or continuing effect of such decree or agreement is uncertain by reason of proceedings pending on the last day of the calendar year, "custody" will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year.

For purposes of section 152(e), custody is determined by the terms of the most recent custody decree, or, if none, by the terms of a written separation agreement in effect at the relevant time.  Id.  In this case the orders referred to above award petitioner and Ms. Bonner "joint shared" custody over petitioner's son.  As applied to 1998, the orders award physical custody of petitioner's son as follows:

| Time Period | Days of Custody in 1998 | |
| | Petitioner | Ms. Bonner |
| --- | --- | --- |
| 1997-1998 academic year, second grading period | --- | 30 |
| 1997-1998 academic year, third grading period | 63 | --- |
| 1997-1998 academic year, fourth grading period | --- | 74 |
| 1998 summer recess | 41.5 | 41.5 |
| 1998-1999 academic year, first grading period | 65 | --- |
| 1998-1999 academic year, second grading period | --- | 50 |
| Total days | 169.5 | 195.5 |

To the extent that the above-referenced orders allocate physical custody of petitioner's son between petitioner and Ms. Bonner for specific periods, the days included within those periods are counted, respectively, as days of physical custody for either petitioner or Ms. Bonner for purposes of section 152(e). Because the relevant orders specifically provide for physical custody of petitioner's son for every day of the year, contrary to petitioner's position, it is not necessary to determine where petitioner's son lived on any given day during 1998. Under the circumstances of this case, the reference to "physical custody" in the regulation does not mean physical presence. Furthermore, days of visitation are not counted as days of physical custody.

The above-referenced orders establish that Ms. Bonner's physical custody of petitioner's son exceeded petitioner's during 1998. Consequently, petitioner is not considered to be his son's custodial parent for that year. Petitioner's son, therefore, is not treated as having received over half of his support from petitioner and does not fit within the definition of a dependent for purposes of the dependency exemption deduction here in dispute. It follows that petitioner is not entitled to a dependency exemption deduction for his son for 1998, and respondent's determination disallowing that deduction is sustained.

From his presentation at trial, we are satisfied that petitioner understands that his entitlement to the child tax credit claimed on his 1998 return depends upon his entitlement to the dependency exemption deduction claimed for his son. For 1998, petitioner's son is not petitioner's qualifying child for purposes of the child tax credit because petitioner is not entitled to a dependency exemption deduction for his son for that year. See sec. 24(a), (c). Respondent's disallowance of the child tax credit claimed on petitioner's 1998 return is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.